IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIONTA REMARO CHEVELLE HAYWOOD,

                  Plaintiff,

     v.

MARATHON COUNTY SHERIFF,
RICKY BELL and
MICHAEL SCHAEFER,

                  Defendants.

OPINION AND ORDER

07-cv-341-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief in which plaintiff Dionta Remaro Chevelle Haywood contends that while he was housed at the Marathon County jail, defendant Ricky Bell used excessive force against him on April 20, 2005 and defendant Michael Schaefer denied him medical treatment for the injuries he suffered from that incident.  Jurisdiction is present.  28 U.S.C. § 1331.

      Now before the court is defendants' motion for summary judgment in which they argue that (1) plaintiff's claim against defendant Marathon County Sheriff should be dismissed because plaintiff asserted no claims against him; (2) plaintiff's claim for denial of medical treatment against defendant Schaefer should be dismissed for failure to properly

1

amend his complaint; (3) plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies; and (4) defendants are entitled to judgment as a matter of law because plaintiff was not subject to excessive force or denied adequate medical care; and (5) defendants are entitled to qualified immunity. Plaintiff submitted no brief in opposition to defendants' motion as well as no response to defendants' proposed findings of facts.[1] Because plaintiff has failed to dispute defendant's proposed findings of fact, defendant's proposed findings of fact may be deemed undisputed. Procedure to be Followed on Motions for Summary Judgment II.C.; Hedrich v. Board of Regents of University of Wisconsin System, 274 F.3d 1174, 1177 (7th Cir. 2001) (upholding Western District of Wisconsin's local rules regarding admitting moving party's proposed finding of fact when non-moving party fails to respond properly).

I will dismiss defendant Marathon County Sheriff because plaintiff asserted no claims against him but I will not dismiss plaintiff's amended complaint because he sufficiently complied with this court's order for amending his complaint. Because I conclude that the

---

[1] On January 21, 2009, Magistrate Judge Stephen Crocker extended plaintiff's deadline for filing responses to defendants' motion for summary judgment to February 20, 2009 when the court discovered that plaintiff had been transferred to a new institution. However, despite the extended deadline, plaintiff failed to submit any responses to defendants' summary judgment materials and has filed no motion for an extension of time. A review of the Department of Corrections inmate locator shows that he remains in the same institution since his extension was granted.

undisputed facts establish that plaintiff failed to exhaust his administrative remedies with respect to both defendants Schaefer or Bell, I cannot reach the merits of plaintiff's case against either of them. Therefore, defendants' summary judgment motion will be granted and I will not address defendants' arguments regarding the merits of this case.

For the sole purpose of deciding defendants' motion, I find from the parties' proposed facts that the following facts are both undisputed and material.

## UNDISPUTED FACTS

### A. Parties

Plaintiff Dionta Remaro Chevelle Haywood was an inmate at the Marathon County jail from March 9 to May 19, 2005.

At all times relevant to this action, defendants Roderick Bell and Michael Schaefer were employed by the Marathon County Sheriff's Department. Defendant Bell was a corrections and detention officer and defendant Schaefer was employed as a corrections supervisor.

### B. Plaintiff's Underlying Claims

On the morning of April 20, 2005, plaintiff struck defendant Bell with a breakfast tray after defendant Bell placed his hand on the back of plaintiff's neck. After being struck,

3

defendant Bell attempted unsuccessfully to gain control of plaintiff by wrestling him to the ground.  Officer Timm sprayed plaintiff with "pepper spray" to restrain him.  Eventually additional officers arrived on the scene and restrained plaintiff by placing him on the floor and handcuffing him.  After this incident, neither defendant Bell nor officer Timm received or denied any written requests by plaintiff for medical care.

Defendant Schaefer was not working at the Marathon County jail on the morning of April 20, 2005; he reported to the jail later that afternoon.  On that day, defendant Schaefer served plaintiff with disciplinary papers regarding the altercation between plaintiff and defendant Bell.  Defendant Schaefer did not observe any injuries to plaintiff on April 20, 2005, and did not receive or deny any written requests for medical care from plaintiff. Plaintiff did not dispute the disciplinary charges and accepted the disciplinary sanction imposed.

### C. Grievance Procedures Marathon County Jail

The Marathon County jail maintains a grievance procedure.  The grievance procedure requires that inmates "make written notification to the Corrections supervisor" of a "grievance, complaint or request."  A grievance is forwarded to the Corrections Supervisor who reviews and investigates the grievance and issues a response "within a reasonable amount of time."   The grievance and response are placed in the inmate's file.  Inmates may

4

submit a written appeal of a grievance decision to the jail administrator. Plaintiff did not submit any written grievances or grievance appeals relating to his § 1983 claim that he was subjected to the use of excessive force on April 20, 2005 or his § 1983 claim that he was denied medical treatment for injuries he received from the incident.

OPINION

Before addressing the issue of exhaustion, I will address defendants' argument for dismissing the claims against Marathon County sheriff as well as defendant Schaefer. Defendant Marathon County Sheriff was named as a defendant for the sole purpose of helping to identify the unnamed jail officials who allegedly participated in the use of force against plaintiff and denied him treatment afterwards. April 4, 2008 Order, dkt. #14, at 5. Because plaintiff identified the unnamed jail official as defendant Michael Schaefer, Amd. Cpt., dkt. #33., the sheriff will be dismissed from this case. His presence is no longer necessary and plaintiff has asserted no separate claim against the sheriff.

I disagree with defendant's argument that plaintiff amended his complaint improperly to add Schaefer as a defendant. First, plaintiff's amended complaint was filed on August 6, 2008. If defendants' believed the amended complaint was improper, defendants should have filed a motion to dismiss plaintiff's amended complaint immediately after it was filed. Second, defendants' arguments are frivolous. In the Preliminary Pre-Trial Conference order

5

issued on June 18, 2008, plaintiff was told to identify the unnamed prison official who denied him medical treatment on April 20, 2005. Dkt. #22. His amended complaint identified this individual as Michael Schaefer. Although plaintiff's amended complaint was filed two days late, defendants have failed to show that they were prejudiced in any way by this delay. Therefore, I will not dismiss plaintiff's amended complaint.

I turn to defendants' argument on plaintiff's failure to exhaust his administrative remedies. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. Kaba v. Stepp, 458 F.3d 678, 681

6

(7th Cir. 2006); Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

In this case, it is undisputed that Marathon County had a grievance procedure in place for detainees to lodge complaints regarding treatment and that plaintiff failed to file a grievance related to the claims in this suit. As a matter of law, plaintiff's failure to comply with the grievance procedures of the Marathon County jail means that he has failed to exhaust. Pozo, 286 F.3d at 1025. Therefore, plaintiff's claims against defendants Bell and Schaefer will be dismissed without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

## ORDER

IT IS ORDERED that the summary judgment motion of defendants Marathon County Sheriff, Ricky Bell and Michael Schaefer is GRANTED. Defendant Marathon County Sheriff is DISMISSED from this lawsuit because plaintiff Dionta Remaro Chevelle Haywood asserted no claims against him. Plaintiff's claims of excessive force against

7

defendant Bell and denial of medical treatment against defendant Schaefer are DISMISSED without prejudice for plaintiff's failure to exhaust his administrate remedies with respect to his claims against them.

Entered this 16th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge